## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | RESPONDENT |
| V. | CRIMINAL ACTION NO. 4:05-CR-28-HTW<br>CIVIL ACTION NO. 4:10-CV-64-HTW |
| BILLY RAY SHOWS II | PETITIONER/DEFENDANT |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

This case is before the undersigned Magistrate Judge on the Order Referring Case [110] entered by District Judge Henry T. Wingate on February 5, 2013. Billy Ray Shows II [hereinafter "Petitioner" or "Shows"] was convicted in this Court of conspiracy to defraud the United States and tax evasion. He perfected a direct appeal, and his conviction was affirmed by the Court of Appeals for the Fifth Circuit [99]. Subsequently he filed a Motion to Vacate under 28 U.S.C. § 2255 [102], and this motion is now before the Court.

Shows has alleged various errors, including ineffective assistance of his trial counsel for failing to raise a speedy trial objection before trial. Although Shows referred to an "Exhibit A" on page 2 of his supporting memorandum [105, p. 2], the Exhibit was not attached and has not been filed of record. According to Shows, Exhibit A contained a list of motions filed and the days excludable under the Speedy Trial Act. By Order filed March 11, 2013 [114], Shows was directed to file his Exhibit A on or before March 29,

2013. He was warned that his failure to respond by that date could result in the dismissal of his Motion to Vacate.

Shows never provided the Clerk of the Court with an address other than his former counsel's address and the Federal Public Defender's address. When he filed his Motion to Vacate, he was in prison in Atlanta, Georgia, but he has now been released. Through his former attorneys, the Clerk of this Court obtained his address, 105 East 1st Street, Newton, MS 39345. The Court's last Order was sent to Shows at this address, but it was returned as undeliverable on March 22, 2013 [116]. Neither this Court or its Clerk is legally required to undertake independent investigations to maintain current addresses on parties to pending actions. Such a requirement would not be feasible, and it is incumbent upon litigants to keep the Clerk of the Court advised of a current address.

Shows filed this Motion to Vacate, and it was his responsibility to prosecute his claims and to keep the Court advised of a current address. The Court must be able to contact Plaintiff, and he must be willing to prosecute his case in accordance with the rules of the Court.

Rule 41(b) of the Federal Rules of Civil Procedure provides as follows:

> (b) **Involuntary Dismissal; Effect.** If the plaintiff *fails to prosecute or to comply with these rules or a court order*, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule ---- except ... ---- operates as an adjudication on the merits.

(Emphasis added.)

The authority of a [district] court to dismiss *sua sponte* for lack of prosecution ... [is] an inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-631 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988).

Whether or not a plaintiff is *pro se*, or incarcerated, he still has an obligation to inform the Court of any address changes. "Every attorney and every litigant proceeding without legal counsel has a continuing obligation to notify the clerk of court of address changes." *See Local Rule* 11(a); *Wade v. Farmers Ins. Group*, No. 01-20805, 2002 WL 1868133, at *1, n. 12 (5th Cir. June 26, 2002) (on appeal from district court's denial of a motion for reconsideration of dismissal for failure to prosecute— even incarcerated litigants must inform the court of address changes); *Carey v. King,* 856 F.2d 1439, 1441 (9th Cir. 1988) (*pro se* plaintiff's case dismissed for failure to prosecute when he failed to keep the court apprised of his current address).

A dismissal of a plaintiff's lawsuit for failing to comply with a district court's order is warranted where "[a] clear record of delay or contumacious conduct by plaintiff exists." *Day v. Allstate Ins. Co.,* 788 F.2d 1110 (5th Cir. 2008) (quoting *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1167 (5th Cir. 1980)). The record in Shows's case supports such a finding. Shows obviously lost interest in pursuing this Motion to Vacate after his release from prison, even though he has not formally moved to dismiss this case. His conviction was affirmed through the direct appeal by the Fifth

Circuit, but the sanction of dismissal is necessary in order to officially conclude this appeal via 28 U.S.C. § 2255.

For the above reasons, the undersigned Magistrate Judge recommends that Shows's Motion to Vacate [102] be denied and that Cause No. 4:10cv64 be dismissed pursuant to FED. R. CIV. P. 41(b), with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b)(as amended, effective December 1, 2009); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 19th day of July, 2013.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE